UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DEWANNA SLAUGHTERBECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 CV 60 |
| | ) |
| INDIANA BEACH HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant Indiana Beach Holdings, LLC's motion for summary judgment. (DE # 20.) For the reasons that follow, defendant's motion will be denied.

### I. BACKGROUND[1]

On July 9, 2022, plaintiff Dewanna Slaughterbeck fell at the Indiana Beach Amusement & Water Park ("Indiana Beach"), in Monticello, Indiana. (DE # 25-2 at 2; DE # 5 at 1.) As plaintiff had been walking through the sand to exit the beach area, she fell. (DE # 25-2 at 9-10, 16.) She testified that there was a step down at the edge of the beach, concealed by sand, that caused her to fall. (*Id.* at 17, 26.) She also testified that, after she fell, she saw someone clear the sand from where she had fallen, revealing a step. (*Id.* at 25-26.)

---

[1] The following facts are undisputed for purposes of the summary judgment motion, unless otherwise noted.

Plaintiff subsequently filed this negligence action against defendant. (DE # 5.) Defendant now seeks summary judgment. (DE # 20.) This matter is fully briefed and is ripe for ruling.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th

2

Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III.   ANALYSIS

Plaintiff's claim against defendant is based on a negligence theory of premises liability under Indiana law. "To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007).

Defendant argues that it is entitled to summary judgment because there is no evidence of what caused plaintiff's fall, and thus plaintiff cannot establish that defendant proximately caused plaintiff's injuries. (DE # 22 at 2.) Defendant analogizes plaintiff's case to those in *Wright Corp. v. Quack, 526 N.E.2d 216*, 216 (Ind. Ct. App. 1988), *Midwest Com. Banking Co. v. Livings*, 608 N.E.2d 1010, 1011 (Ind. Ct. App. 1993), and *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000). This case is not analogous to any of these cases. In *Wright Corp.*, the plaintiff never determined what caused her fall. 526 N.E.2d 216 at 216. In *Livings*, the plaintiff speculated that perhaps she tripped on the carpet or else was pushed by someone in line. 608 N.E.2d at 1011. In *Hayden*, the plaintiff claimed to slip on ice or snow but admitted that he did not see any ice or snow on the pavement where he fell. 731 N.E.2d at 458. While it is true

3

that "[t]he mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of an accident" *Wright Corp.*, 526 N.E.2d at 218, plaintiff does not rely on the fact of her fall to establish negligence. Plaintiff testified that she felt a step down and fell (DE # 25-2 at 20, 25), and saw someone clear the sand from the area where she fell, revealing a step. (*Id.* at 25-26.) She may not have known what caused her fall *while she was falling*, but that does not mean that she has offered nothing but speculation as to the cause of her fall. To the extent that defendant believes plaintiff's testimony is inconsistent, or conflicts with the testimony of other witnesses, that is a matter for cross examination.

Defendant also makes numerous arguments and objections that plaintiff had no personal knowledge of what made her fall, instead relying entirely on the hearsay statements from an unidentified person who told her that there was a step. (*See e.g.* DE # 28 at 3-4.) This argument is not supported by the evidence. The following testimony was elicited during plaintiff's deposition:

> Q   Did you trip over something? I'm not understanding what caused the fall.
>
> A   There was a drop right at the edge of the beach.
>
> Q   There's a drop at the edge of the beach?
>
> A   Right. There - - there must have been a platform or some sort of landing because - - but I did not notice it because everything was sandy, very sandy. And there must have been a step down, but there was nothing saying step down or dangerous or watch your step. It just stepped down.

4

(DE # 25-2 at 17.) She then testified that someone pointed out the step down to her (*id.* at 20), and testified that someone cleared off the sand to show one of the lifeguards and that is when she saw that there was a step. (*Id.* at 25.) Contrary to defendant's assertions, she is not merely repeating hearsay from an unidentified individual, but relaying her own observations.

## IV. CONCLUSION

Given the evidence in the record, there remains a question of material fact regarding the proximate cause of plaintiff's injury. Accordingly, the court **DENIES** defendant Indiana Beach Holdings, LLC's motion for summary judgment. (DE # 20.)

**SO ORDERED.**

Date: August 23, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT